**Roberto DIAZ–ROHENA, M.D., Petitioner,**

v.

**Cynthia S. MELTON, Respondent.**

No. 07–0173.

Supreme Court of Texas.

April 11, 2008.

J. Wade Birdwell, D. Michael Wallach, Charles Davis Chapman, Wallach, Andrews & Stouffer, P.C., Fort Worth, Larry Dean Thompson Jr., Weil, Gotshal & Manges, David J. Escobar, Lorance & Thompson, P.C., Houston TX, for Petitioner.

Robert L. Chaiken, Greg S. Gober, Steven D. Goldston, Chaiken & Chaiken, P.C., Dallas TX, for Respondent.

Lynn Cullen Moore, Rymer, Moore, Jackson & Echols, P.C., Houston TX, for Person Interested.

PER CURIAM.

Cynthia Melton filed this suit claiming Dr. Diaz–Rohena negligently performed surgery on her left eye and negligently conducted post-operative treatment. As required by statute, within 120 days of filing Melton served a curriculum vitae and expert report signed by Dr. John H. Maggiano supporting her claim.[1] Dr. Diaz–Rohena moved for dismissal and attorney's fees on the ground that the expert report was inadequate,[2] but the trial court denied the motion.

Dr. Diaz–Rohena filed a timely interlocutory appeal with the Second Court of Appeals, which dismissed for want of jurisdiction.[3] For the reasons stated today in

---

1. Tex. Civ. Prac. & Rem.Code § 74.351(a).

2. *Id.* § 74.351(b).

3. 2007 WL 174353.

*Lewis v. Funderburk,*[4] we hold that Dr. Diaz–Rohena's motion seeking dismissal and fees was a motion pursuant to section 74.351(b), and thus reviewable by interlocutory appeal when the trial court denied it.[5] The court of appeals erred by concluding otherwise.

Accordingly, we grant the petition for review, and without hearing oral argument, TEX.R.APP. P. 59.1, we reverse the court of appeals' judgment and remand the case to that court to consider the remaining arguments raised by the interlocutory appeal.

---

4. 253 S.W.3d 204 (Tex.2008).

5. TEX. CIV. PRAC. & REM.CODE § 51.014(a)(9).